# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 575 | **DATE** | 8/17/2011 |
| **CASE TITLE** | AMCO vs. Northern Heritage Builders | | |

**DOCKET ENTRY TEXT**

The Court denies Northern Heritage's Motion to Stay [17].

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff AMCO Insurance Company ("AMCO") filed a Complaint for Declaratory Judgment in this Court seeking a judgment that it owes no duty to Northern Heritage Builders ("Northern Heritage"). Northern Heritage moves to stay the declaratory judgment action. For the following reasons, the Court denies Northern Heritage's Motion to Stay.

Michael McGrath sued Northern Heritage in the Circuit Court of Cook County and a jury rendered a verdict of $601,570.50 against Northern Heritage on February 23, 2011. The trial court denied Northern Heritage's post-trial motion for judgment notwithstanding the verdict on June 14, 2011. Northern Heritage subsequently appealed and its appeal is currently pending. Meanwhile, AMCO filed a declaratory judgment action in this Court on January 26, 2011, which Northern Heritage now moves the Court to stay. Northern Heritage contends that its Motion to Stay is necessary because the issues underlying the state court litigation are inseparable from the issues in the instant action and because the state court action is not final due to its pending appeal.

A declaratory judgment action "to determine an insurer's duty to indemnify its insured, brought prior to a determination of the insured's liability, is premature since the question to be determined is not then ripe for adjudication." *Bhd. Mut. Ins. Co. v. Roseth*, 532 N.E.2d 354, 359 (Ill. App. Ct. 1988) (citation omitted); *cf. Sears, Roebuck & Co. v. Zurich Ins. Co.*, 422 F.2d 587, 590 (7th Cir. 1970) (the mere pendency of another suit is not enough in itself to refuse" to consider a declaratory judgment). Here, there is no pending related state action because a jury has already rendered a verdict against Northern Heritage and the trial court has denied Northern Heritage's post-trial motions. That Northern Heritage appealed the decision does not alter the fact that the state court action has terminated and findings of fact have been made. Indeed, Northern Heritage has not provided the Court with any precedent supporting its position that a full trial on the merits does not constitute a resolved final order. *See Outboard Marine Corp. v. Liberty Mutual Ins. Co.*, 607

## STATEMENT

N.E.2d 1204, 1221 (Ill. 1992) ("the question of whether the insurer has a duty to indemnify the insured for a particular liability is only ripe for consideration if the insured has already incurred liability in the underlying claim against it"); *cf.*, *Green v. Aetna Ins. Co.*, 349 F.2d 919, 926 n. 11 (5th Cir. 1965) (finding premature a declaratory judgment before "a full trial of the damage claim on the merits."). Northern Heritage's reliance on *Illinois Founders* is unavailing because in that case, the Illinois appellate court found premature a declaratory judgment that was granted prior to the underlying trial. *Ill. Founders Ins. Co. v. Guidish*, 618 N.E.2d 436, 440 (Ill. App. Ct. 1993). Here, as stated, a jury already reached a verdict on the merits.

Moreover, where the underlying circumstances are beyond dispute, the district court "may be able to make a ready determination as to the insured's actual conduct and evaluate the duty to defend accordingly." *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 694 (7th Cir. 1995). Here, AMCO's declaratory judgment does not hinge on proof of intent because the underlying state court action alleged a breach of contract and a breach of implied warranty of habitability. *See id.* (finding a declaratory judgment timely and proper where the district court "need not conduct a trail to decide whether [a party's] conduct was negligent or intentional" but rather "need only accept the allegations of the [underlying] lawsuit as true."). AMCO's declaratory judgment action is based on a legal contract interpretation issue independent from the underlying lawsuit.

For the reasons stated, the Court denies Northern Heritage's Motion to Stay.